UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL MURPHY,

                        Plaintiff,                        MEMORANDUM AND ORDER

   -against-                                      CV 10-0251 (LDW) (AKT)

SUFFOLK COUNTY COMMUNITY COLLEGE,

                        Defendant.
----------------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Michael Murphy brings this action against defendant Suffolk County Community College asserting claims for age discrimination, retaliation, and hostile work environment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

      Upon consideration of the record, the Court finds that genuine issues of material fact exist, precluding the entry of summary judgment. See Fed. R. Civ. P. 56(a) (party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994). In reaching this decision, the Court rejects defendant's argument that plaintiff's claims should be dismissed based on the determination in the proceedings before the New York State Division of Human Rights ("NYSDHR"), wherein an administrative law judge found that the evidence did not establish unlawful discrimination by defendant. The NYSDHR determination

was not reviewed in state court. The Court observes that defendant mistakenly argued earlier (on a motion to dismiss) that the unreviewed NYSDHR determination must be given preclusive effect. *See University of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986) ("Under [Title VII], the [EEOC], in investigating discrimination charges, must give 'substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local [employment discrimination] law.' . . . [I]t would make little sense for Congress to write such a provision if state agency findings were entitled to preclusive effect in Title VII actions in federal court."); *Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 110-14 (1991) ("[T]he [ADEA] . . . carries an implication that the federal courts should recognize no preclusion by state administrative findings with respect to age-discrimination claims. While the statute contains no express delimitation of the respect owed to state agency findings, its filing requirements make clear that collateral estoppel is not to apply."); *see also Wagner v. County of Nassau*, No. 07-CV-4042, 2009 WL 2824699, at *7 (E.D.N.Y. Aug. 28, 2009) (holding no preclusive effect given in plaintiff's Title VII action to NYSDHR's unreviewed finding of no probable cause). Defendant now argues that Second Circuit case law, namely *Collins v. New York City Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002), requires this Court to give the NYSDHR determination "substantial weight" and to dismiss plaintiff's claims based on the probative weight of the NYSDHR determination. Defendant's argument is misplaced. As defendant's argue, *Collins* stated that "a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link," and further that "[w]here . . . that decision follows an evidentiary hearing and is based on substantial evidence, the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact – e.g. new evidence not before the tribunal – or that the

impartiality of the proceeding was somehow compromised." *Id.* at 119. However, *Collins* applies to a situation where "an employer's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing." *Id.* at 115; *see Testagrose v. New York City Housing Auth.*, 369 Fed. Appx. 231, 232 (2d Cir. 2010) (summary order); *Ruiz v. County of Rockland*, 609 F.3d 486, 494 (2010); *Halstead v. New York City Transit Auth.*, 78 Fed. Appx. 750, 752 (2d Cir. 2003) (summary order); *Edwards v. Metro-North Commuter R.R.*, 463 F. Supp. 2d 279, 284 (D. Conn. 2006). Here, plaintiff's termination did not depend on, nor was it allowed by, the NYSDHR determination. While the Court may consider the administrative record as part of the evidence before it, the Court disagrees with defendant that *Collins* applies to the unreviewed NYSDHR determination. Defendant's request for permission to seek an immediate appeal is denied.

      Accordingly, defendant's motion for summary judgment is denied.

      SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       October 16, 2012